IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILBER ENSLEY, et al.,

    Plaintiffs,

v.

                                               Civil Action No. 3:17cv24

CITY OF RICHMOND, VIRGINIA, etc.,

    Defendants.

## ORDER

The Court makes the following voluntary statement pursuant to 28 U.S.C. § 455 and the Canons of the Code of Conduct of United States Judges for the purpose of allowing the parties to determine any perception regarding the Court's ability to be fair and impartial.

After the parties filed this civil action, a routine conflict check revealed that the undersigned judge was involved in two cases in which Plaintiff Shamar Archer was a party: one in 1998 and a second case in 2009. I have no independent recollection of encountering Shamar Archer, nor do I recall any aspect of either case. As such, I cannot identify any basis for recusing myself. I recount what the docket entries reveal, however, so that the parties may exercise their right to decide to seek my recusal from the above-captioned case.

### The 1998 Case

A court docket shows that, while serving as an Assistant United States Attorney ("AUSA"), I appeared for the United States in a criminal case against Shamar Archer, case No. 3:98cr249[1] ("the 1998 case"). The case apparently began on May 11, 1998 via a criminal complaint and the filing of two seizure warrants. The docket reflects that I appeared three times:

---

[1] On August 5, 1998, this case merged with case Number 3:98mj267.

(1) at the September 23, 1998 initial appearance; (2) at the July 27, 1998 preliminary hearing and bond hearing; and, finally, (3) during the August 4, 1998 return of indictment and bond hearing. The docket shows that I did not appear in the case again.

Stephen Miller handled the remainder of the hearings before District Judge James R. Spencer. The docket reveals that, after a September 2 arraignment, both counts of the Indictment were dismissed, and the case was closed on September 29, 1998. Notes on the 1998 docket report suggest that the terminated counts involved firearm possession offenses.

Neither the Court nor the Richmond United States Attorney's Office could locate documents from this 1998 case when I inquired. As such, I do not know who was involved in presenting the complaint and seizure warrants to Magistrate Judge David G. Lowe. It is possible that matter was brought to the United States Attorney's Office from either a state or federal law enforcement agency. In that circumstance, the "duty" officer would handle the preliminary events in the case until formal assignment within the office occurred. My appearance on these first events would be consistent with a "duty" matter. But I have no independent memory of the case at all, so I cannot say whether I participated in preparation of the complaint or warrants, or whether it was a case in which I had greater involvement.

### The 2009 Case

The 2009 criminal (and then habeas) case against Shamar Archer, No. 3:09cr436, is one in which I had involvement as a judge (the "2009 case"). On December 14, 2009, as part of a regular duty I had as a Magistrate Judge, I received Archer's grand jury indictment in open court and issued an arrest warrant pursuant to Fed. R. Crim. P. 9. The Court docket demonstrates that, after his initial appearance and temporary detention before Magistrate Judge Dennis W. Dohnal, Archer appeared on January 25, 2010 for a detention hearing in my court. During that hearing, I

ordered that Archer be detained pending trial. The record shows that I also entered an Agreed Discovery Order and scheduled a March 30, 2010 jury trial in front of District Judge Robert E. Payne. My only other involvement came four years later when I signed, then as a United States District Judge, an October 7, 2014 scheduling order in Shamar Archer's habeas case.

The docket indicates that several events pertinent to this civil matter occurred in the meantime. On March 26, 2010, Archer pleaded guilty before Magistrate Judge Dohnal, who prepared a Report and Recommendation ("R&R") that same day, finding that Archer freely and voluntarily pleaded guilty to the charges. District Judge Robert E. Payne adopted the R&R and found Archer guilty on April 12, 2010. In June of 2014, the U.S. Attorney's Office advised the court that a former detective (Jason Norton) likely included false information in obtaining search and arrest warrants.[2] On March 24, 2015, the case was reassigned to District Judge Henry E. Hudson who, on April 1, 2015, granted Archer's motion to vacate and allowed him to withdraw his guilty pleas.

As indicated above, my review of these records has not "jogged" my memory about Archer in any material way. But I find it to be in the interest of justice to allow the parties to file positions regarding any potential conflict, or to seek recusal.

All parties SHALL FILE their position, statement, or motion regarding conflict or recusal by close of business on April 24, 2017.

---

[2] The court docket indicates that Detective Norton obtained the search warrant on October 9, 2009 through the City of Richmond, and executed it on October 10, 2009, before Archer's case commenced in this Court on December 14, 2009.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

/s/
M. Hannah Lauck
United States District Judge

Date: 4-14-17
Richmond, Virginia