IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WILBUR ENSLEY, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 3:17CV024 |
| | ) |
| CITY OF RICHMOND, ET AL., | ) |
| | ) |
| Defendants. | ) |

**CITY OF RICHMOND'S REBUTTAL TO PLAINTIFF'S RESPONSE
TO CITY'S MOTION TO DISMISS THE AMENDED COMPLAINT**

The Plaintiffs' arguments in response to the City of Richmond's ("City") Motion to Dismiss—and their responses to all of the Defendants—are breathtaking in scope. They not only want to upend Fourth Circuit precedent but create new causes of action out of thin air. In fact, the Plaintiffs' entire case against the City depends upon this Court accepting a novel theory of liability that was raised for the first time in the Plaintiffs' Memorandum in Opposition to the City's Motion to Dismiss.

Despite the Plaintiffs' clever attempt to invoke *res judicata*, the City did not "attest to many of the key facts" in this case by having sought the "vacation of [two of the] Plaintiffs' sentences." Ps Opp. to City at 1-2. That action was taken by an independent actor, the Richmond *Commonwealth's* Attorney (not the *City* Attorney), who is an independent constitutional officer beyond the City's control. This attempt to claim *res judicata* is even more incredible given the Plaintiffs' conspicuous decision not to name any prosecutors or other state actors in this suit. That omission serves as an acute reminder of the fatal flaw in the Plaintiffs' "malicious prosecution" theory, namely that

1

the ultimate decisions that placed the Plaintiffs in jail were made by intervening actors and the Plaintiffs themselves.

At the same time, the Plaintiffs' response does nothing to alleviate the myriad of problems in the Amended Complaint. The Plaintiffs now explain that Count VI is premised on the theory that the City is liable because of Defendant Norwood's alleged failure to act "upon knowledge of Norton's past, present or further constitutional violations." Ps Opp. to City at 5. That is deliberate indifference, which the City addressed at length in its opening brief. This argument depends upon this Court making a "leap of faith" based upon inferences that do not flow from the alleged facts.[1]

The holding in *Townes v. City of New York*, 176 F.3d 138 (2nd Cir. 1999), followed widely by courts across the country, applies here and bars all these claims. As noted by some of the other Defendants, citing a case with nearly identical circumstances, "this is not a case of actual innocence or wrongful imprisonment," so there is "no reason to compensate" Plaintiffs for the time they served for offenses of which they were guilty. *Williams v. City of Tulsa*, Case No. 11-CV-469-TCK-FHM, 2015 U.S. Dist. LEXIS 52066, at *24 (N.D. Okla. Apr. 19, 2016).

**ARGUMENT**

**A. The Plaintiffs Still Fail To State A Claim Under *Monell***

According to the Plaintiffs, Count IX is based upon the notion that the City, through Norwood, violated the Constitution "by not responding to his knowledge that persons in the Plaintiffs' circumstances were very likely entitled to release." Ps Opp. to

---

[1] The City has not attached and referenced copies of the actual Internal Affairs investigations referenced by the Plaintiffs to avoid the risk of converting this into a Motion for Summary Judgment. Nevertheless, the Plaintiffs' descriptions of these investigations are highly misleading.

City at 6. This argument suffers from the same "leap of faith" problem as all of the Plaintiffs *Monell*-based claims. Moreover, it must fail because precedent specifically contradicts the Plaintiffs' argument.

The Plaintiff's clarifications do nothing to bring this case more squarely within the limits set by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 694 (1978) and the many cases interpreting it. The Plaintiffs' appeal to *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986), to insist that a "single incident" can establish municipal liability under Section 1983, is incorrect, both given the very different facts in that case and other cases interpreting it. *Pembaur* involved the express decision of a prosecutor who told deputy sheriffs to break down the door of a medical practice in order to execute a warrant. *Id.* at 473. Here the Plaintiffs accuse the City, through Norwood, of an act of *omission*, not commission, which is why this is really about deliberate indifference, not an express action that formed a City policy.

The Supreme Court even stated in *Pembaur* that "not every decision by municipal officers automatically subjects the municipality to § 1983 liability." *Id.* at 481. The Court cautioned further that "municipal liability under § 1983 attaches where— and *only* where—a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Id.* at 483 (emphasis added); *see also Tobey v. Napolitano*, 808 F. Supp. 2d 830, 840 (E.D. Va. 2011).

Furthermore, the Supreme Court went further in *City of Canton v. Harris*, 489 U.S. 378, 392 (1989) and stated that "[i]n virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able

3

to point to something the city 'could have done' to prevent the unfortunate incident." Under the Plaintiffs' theory, virtually no city could ever escape liability. As Judge Hudson pointed out in *Tobey v. Napolitano*, 808 F. Supp. at 844: "this is precisely why municipal liability requires a showing of deliberate indifference: 'To adopt lesser standards of fault and causation would open municipalities to unprecedented liability under § 1983.'" (Citing *City of Canton* at 391).

Squaring *Pembauer* with *City of Canton* and *Connick v. Thompson*, 563 U.S. 51, 62-63 (2011), discussed previously by the City, Judge Hudson noted that the plaintiff in *Tobey* did not "alleg[e] any specific directive on the part of Trice or any other policymaker." 808 F. Supp. at 841. The same is true here: the Plaintiffs do not point to any specific action by Defendant Norwood that itself constitutes a municipal policy. *See also Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000). To the extent they allege anything, it is that Norwood violated their rights by not doing unspecified things related to adequately disciplining Detective Norton. For the reasons explained in Defendant Norwood's Reply Brief, the facts alleged do not establish any supervisory or bystander liability for Norwood, and as Norwood and the City have shown, Norwood did not show deliberate indifference or establish a policy by affirmative action.

Because the claims turn on such issues, the "deliberate indifference" standard explained in *Connick* applies. It is a "stringent standard of fault, requiring proof," not inference, "that a municipal actor disregarded a known or obvious consequence of his action." 563 U.S. at 61 (internal quote omitted). And there must be a precise fit between the alleged harm and earlier incidents. In *Connick*, four prior *Brady* violations by junior prosecutors did not provide sufficient notice to their supervisor because the previous

violations involved other kinds of evidence, not the blood evidence at issue in *Connick*. *Id.* at 62-63. Here, the *only* alleged warrant-related wrong by Norton—involving an N-10 signature and his use of an unregistered informant—did not establish the required notice under this rigorous standard. Those allegations do not provide sufficient basis for the assumption that the City knew that Norton was routinely "lying" in his warrants, only that he made two errors involving warrants *and was reprimanded for them.*

The Plaintiffs' contention that all they need to show to establish deliberate indifference is that Norwood failed "to prevent or alleviate the harm suffered by the Plaintiffs," Ps Opp. to City at 10, is simply incorrect. It is also inconsistent with the cases the Plaintiffs cite, especially *Pembauer*, *City of Canton*, and *Riddick v. School Bd.*, 238 F.3d 518, 524 (4th Cir. 2000). The Plaintiff must point to a "specific" affirmative action by Norwood that constitutes a municipal policy. *See Doe,* 225 F.3d at 456. They then must show that the action caused the Plaintiffs' harm. But the "affirmative action" they point to is *inaction*, in an attempt to morph deliberate indifference into an affirmative act. The Court should see through this, apply the case law cited earlier and above, and find no deliberate indifference or affirmative policy claim against the City. Defendant Norwood demonstrates in his Reply Brief why he is entitled to immunity and why the facts alleged do not establish his liability, let alone the City's.

**B. The Holding In *Townes*, Followed By Courts Throughout the Country, Applies Directly To This Case And Should Bar The Plaintiffs' Claims For Recovery**

The Second Circuit's holding in *Townes v. City of New York*, 176 F.3d 138 is directly applicable to this case and should bar the Plaintiffs' demands for recovery for their imprisonments. Townes, like the Plaintiffs here, sued both individual police officers

and the City of New York for his two-year incarceration, after police stopped his cab, searched him (finding nothing) and searched his cab (finding guns). *Id.* at 141. A state appeals court later found that the officers lacked probable cause and overturned the plaintiff's conviction. *Id.* at 142. A court later dismissed his indictment. *Id.* Townes then sued the officers and the City for damages under Section 1983. *Id.* at 145.

The Second Circuit held that the fruit of the poisonous tree doctrine was not available to a civil Section 1983 action. *Id.* at 145. *Townes* has been expressly adopted in the Eastern District of Virginia on this point. *See Sommerville v. Dobson*, 2011 U.S. Dist. LEXIS 156380, *36 (E.D. Va. Mar. 8, 2011); *Ware v. James City County*, 652 F. Supp. 2d 693, 705-06 (E.D. Va. 2009). The Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trial." *Pennsylvania Bd. of Prob. & Parole v. Scott*, 524 U.S. 357, 363 (1998).

Importantly, the Second Circuit then held that the trial court's refusal to suppress the evidence was the proximate cause of the plaintiff's incarceration, not the flawed arrest and seizure. *Id.* 146-147. Here, indictments and waivers of indictment are intervening causes, among others.

Lastly, the Second Circuit in *Townes* held that Section 1983 civil damages are not available to individuals like Townes, or the Plaintiffs, who served time for crimes they committed as shown by the seizure of illegal items. The court found a "gross disconnect" between Towne's Fourth Amendment violations and his injury from an independent, subsequent incarceration where his actual guilt was not questioned. 176 F.3d at 148.

As many of the Defendants and the City noted earlier, "[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which

6

is no evil at all." *Townes*, 176 F.3d at 148. Townes, like these Plaintiffs, "already reaped an enormous benefit" due to an overturned search, namely "his freedom," but "such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." *Id.* The Second Circuit observed that such an award would be "peculiar, if not perverse." *Id.* The same would be true here.

Numerous courts across the country, including the Third Circuit in *Hector v. Watt,* 235 F.3d 154, 157 (3rd Cir. 2001), and district courts, including in the Fourth Circuit, have followed *Townes* on this and related issues (such as the inapplicability of the fruit of the poisonous tree doctrine in civil Section 1983 actions).[2] Given the overwhelming consensus of opinion on this point, it is very likely that the Fourth Circuit would adopt the holdings in *Townes* and *Hector*. The City urges this Court to do the same and dismiss this action with prejudice.

### C. The Plaintiffs' Alternative "Deliberate Indifference" Theory Also Fails Since There Is No Eighth Amendment Or Malicious Prosecution Claim

Alternatively, the Plaintiffs argue that Norwood acted with deliberate indifference by letting them sit in jail instead of taking affirmative steps to have them released. Ps

---

[2] *See Washington v. Hanshaw,* 552 Fed. Appx. 169, 172-173 (3rd Cir. 2014)(following *Townes* and *Hector,* and rebutting Fourteenth Amendment argument related to an illegal search); *Martin v. City of Chicago,* No. 15-cv-04576, 2017 U.S. Dist. LEXIS 1157 *9-13 (N.D. Ill. Jan. 5, 2017); *Willis v. Mullins*, Case No. 1:04-CV-6542 AWI BAM, 2014 U.S. Dist. LEXIS 37762, *16-17 (E.D. Cal. Mar. 20, 2014); *Koven v. Lewis*, 8:10CV373, 2014 U.S. Dist. LEXIS 2458 *15 (D. Neb. Jan. 9, 2014); *Silver v. D.C. Metro. Police Dept.*, 939 F. Supp. 2d 20, 22-23 (D.D.C. 2013)(citing *Townes* and *Hector*); *Smith v. Kelly*, Case No. C11-623RAJ, 2013 U.S. Dist. LEXIS 153172 *41 (W.D. Wash. Oct. 24, 2013); *Ruth v. Ford*, Case No. 09-11278, 2010 U.S. Dist. LEXIS 83825 *18-20 (E.D. Mich. Aug. 17, 2010); *Vaughn v. Davis,* Civil Action No. 8:07-1173-TLW-BHH, 2008 U.S. Dist. LEXIS 29867 *13-14 (D.S.C. Jan. 31, 2008); *see also Williams v. Carroll*, No. 08 C 4169, 1010 U.S. Dist. LEXIS 137868 *11, 14-15 (N.D. Ill. Dec. 29, 2010)(citing several Seventh Circuit district court decisions following *Townes* on the exclusionary rule and there agreeing that no damages were owed for an improper arrest once contraband was found).

Opp. to City at 10-11. Precedent from the United States Supreme Court and the Fourth Circuit, however, specifically forecloses this Eighth Amendment liability argument.

The decision the Plaintiffs cite to support their argument, *Golson v. Department of Corrections*, 914 F.2d 1491, 1990 U.S. App. LEXIS 17452 (4th Cir. 1990)(unpublished opinion), with all due respect to Plaintiffs' counsel, simply does not say what they claim. Golson was a *pro se* plaintiff who filed a Section 1983 lawsuit against the Department of Corrections and various corrections officials alleging that he was not given the proper credit for previous time spent in jail, and was therefore incarcerated for a longer period of time than he should have been. 1990 U.S. App. LEXIS 17452 at *1-2.

While the Court recognized Golson's claim, it was hardly a novel development because the Eighth Amendment claim in that case was brought against those who managed and maintained the jail – those who were directly responsible for the conditions and manner in which Golson was confined. Other courts considering Section 1983 actions that arise under the Eighth Amendment (because an individual is held longer than he should have been held) analyze the claims in the same manner. *See, e.g., Wells v. Artrip,* 2017 U.S. Dist. LEXIS 67153, *11 (W.D. Va. May 3, 2017); *Owens v. Butler,* 2016 U.S. Dist. LEXIS 15673, *13 (W.D. N.C. Feb. 9, 2016)("Specifically, [the Plaintiff] must establish that a *jail official* knew of and disregarded a serious risk that he was being improperly detained." (Emphasis added)); *Cheatham v. Johnson*, 2010 U.S. Dist. LEXIS 14346, *13-15 (E.D. Va. Feb. 18, 2010)(also rejecting due process claim). The common thread is that these types of claims are brought against those responsible for holding the individual – for the conditions or manner of confinement – not those responsible for providing the legal basis for the incarceration.

As noted in the City's last brief, the Supreme Court has stated that the Eighth Amendment "was designed to protect those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). *Ingraham* has been interpreted to mean that the protection of the Eighth Amendment does not attach "until after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 393 n.6 (1989). When the conduct complained of occurs prior to a conviction, "the Eighth Amendment . . . does not apply." *Shanklin v. Seals*, 2010 U.S. Dist. LEXIS 29164, *25 (E.D. Va. 2010). That is the case here. The City is not aware of a single case anywhere that has ever extended the Eighth Amendment in the manner the Plaintiffs try to here.

In the face of such clear Eighth Amendment precedent, the Plaintiffs try to create a cause of action out of thin air. The claim that their confinement was "without lawful authority," and so is "cruel and unusual" (Pls. Opp. to City at 13) is untenable.

Furthermore, even if such a novel claim did exist, the Plaintiffs have not stated sufficient facts to show that the City or Norwood were specifically aware that any Plaintiff was wrongfully incarcerated, *or* to a specific, adopted policy that led to that continued incarceration. The Plaintiffs would never be able to do so in this case in any event since Norwood has no lawful authority or control over either the local jail or the Virginia Department of Corrections. The Richmond City Jail is run by the Sheriff, an independently elected constitutional officer in Virginia. And Norwood, as a City police chief, had no authority over a state or federal prison where the Plaintiffs might be held.

At its heart, this Eighth Amendment claim represents an effort by the Plaintiffs to get around the myriad of weaknesses that exist if this Court construes their claims as what they are: either as illegal search claims that they now disavow, or as malicious

9

prosecution claims that in any context cannot lie against the City or Norwood, especially where intervening grand juries, prosecutors, and the existence of contraband established probable cause.

As noted previously, the Fourth Circuit has also recognized that "[it] has long since been settled by the Supreme Court that 'an indictment "fair upon its face," returned by a "properly constituted grand jury," conclusively determines the existence of probable cause.'" *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)(citation omitted). Although "'a grand jury's decision to indict….will [not] shield a police officer who deliberately supplied misleading information that influenced the decision,'" (*id*., internal citation omitted), there is no allegation here that Norton testified before any of the grand juries. *But see Rehberg v. Paulk*, 566 U.S. 356 (2012)(police officer entitled to absolute immunity for grand jury testimony).

Indeed, federal court filings confirm that the warrants executed against Ensley, Andrews, and Archer were supported by probable cause *and* by information from a reliable informant.[3] Here, as in *Durham*, "the grand jury's probable cause determination and its [ ] indictments were the proximate cause of the Plaintiff's arrest and detention." 690 F.3d at 189. The indictments and one waiver of indictment break the causal chain between the Plaintiffs' arrest and imprisonment, even if the Court disregards their guilty pleas under *United States v. Fisher*, 711 F.3d 460 (4th Cir. 2013). Since that decision involved the withdrawal of a plea, not its use in a civil case, the City believes the guilty pleas likewise are an intervening cause in this civil action. As stated by Defendant

---

[3] ECF 3:09-cr-00032-HEH-DJN, Doc. 29, p.2 (Ensley); ECF 3:09-cr-00368-HEH-DJN, Doc. 47, p.2 (Andrews); ECF 3:09-cr-00436-HEH-DJN, Doc. 35, p.2 (Archer).

Norwood in his Reply Brief (Argument Section II), there is no liability for Norwood (or the City) for letting the Plaintiffs plead guilty.[4] And nowhere do the Plaintiffs allege that Defendant Norwood, or the City, did anything other than fully cooperate with the FBI investigation that ultimately led to the Plaintiffs' early release.

Without question the indictments or waiver of indictment are intervening causes here under the law of the Fourth Circuit, which holds that "a police officer is not liable for a plaintiff's unlawful seizure following indictment 'in the absence of evidence that [the officer] misled or pressured the prosecution.'" *Evans v. Chalmers*, 703 F.3d 636, 648 (4th Cir. 2012). No such prosecutorial interference is alleged here (since none occurred). This is why their malicious prosecution theory fails.

Additionally, and as argued by Defendant Norwood, the Plaintiffs' malicious prosecution claims also fail because the Plaintiffs were not seized "pursuant to legal process unsupported by probable cause." *Evans v. Chalmers*, 703 F.3d at 647. They admit they were arrested *without* warrants, not under search warrants. *See* Pls. Opp. to Norwood Mot. to Dismiss, Doc. No. 43, at 3. A warrantless arrest is not "a seizure . . . pursuant to legal process." *Evans*, 703 F.3d at 647; *see also Wallace v. Kato*, 549 U.S. 384, 389 (2007) (a detention pursuant to warrantless arrest was "*without legal process*"). Because the Plaintiffs do not allege any other seizure made pursuant to legal process, without probable cause, they fail to state a claim for malicious prosecution.

---

[4] The Plaintiffs claim in their Opposition to the City at 5 n.3 that the City has waived its ability to rebut this argument. But one of the cases they cite, *Clawson v. FedEx Ground Package System, Inc.*, 451 F.Supp.2d 731, 734-735 (D. Md. 2006), noted that allowing arguments on reply is discretionary, and "courts are not precluded from considering such issues in appropriate circumstances." Allowing the City to respond to an argument raised in an opposition brief should be such a circumstance.

### D. The Plaintiffs Fail To Overcome The Statute of Limitations Bar

The Plaintiffs still have a fatal statute of limitations problem, and in their OPPOSITION TO DEFENDANT JASON NORTON'S MOTION TO DISMISS ("Ps Opp. to Norton"), at 22-27, they mischaracterize the City's position. The City agrees with Norton's argument that the Plaintiffs' claims are barred completely by the statute of limitations to the extent that they allege illegal searches under the Fourth Amendment, as specifically argued in the City's earlier Memorandum.

But the Plaintiffs now completely repudiate any such claim and argue that their claims are either entirely based in a malicious prosecution theory, or the amorphous non-existent Fourteenth and Eight Amendment claims that the City and other Defendants have already shown are inapplicable. The City sees no need to discuss the statute of limitations with respect to the Eighth Amendment claims, as those claims are not properly before this Court and should be dismissed for the reasons stated above and previously by the City and by the other Defendants.

Additionally, with respect to the question of the statute of limitations, the City believes that the Plaintiffs argument is too clever by half and adds unnecessary confusion into the analysis. They claim a continuing violation that tolled the statute of limitation every day they were in jail, citing no legal support for such an extraordinary theory. Pls. Opp. to City at 9. As noted in the City's opening brief, all these claims are time-barred since the arrests occurred in 2009 and February 2012. Am. Compl. ¶¶ 73, 91, 108, 118. That is when the Plaintiffs, either questioning their arrests or concerned about Norton

himself, could have challenged the warrants to test the information in them.[5] They did not, so any claim related to those searches and seizures are time-barred. *Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir. 1981). That is still the case.

### E. There Is Still No Fourteenth Amendment Claim Here

The Plaintiffs cite no Fourth Circuit precedent superseding *Brooks v. City of Winston-Salem*, 85 F.3d 178, 184 (4th Cir. 1996), which holds that the Fourth Amendment applies here, not the Fourteenth.[6] The Plaintiffs try to distinguish *Brooks* as only addressing rights that can be invoked before trial. Pls. Opp. to City at 12. But the allegations about the "fraudulent" warrants all concern pre-trial conduct. Because Plaintiffs' substantive due process claim stems from an allegedly unconstitutional search, that claim is grounded in the Fourth Amendment. *See e.g. Albright v. Oliver*, 510 U.S. 266, 274 (1994) (if a right to be free from prosecution absent probable cause exists, it must instead be grounded on the Fourth Amendment's prohibition on unreasonable searches and seizures). *Brooks* also makes it very clear that a claim that an individual "is deprived of substantive due process by continued prosecution in the absence of probable

---

[5] Alternatively, and as noted previously, the very latest date the Plaintiffs knew or had reason to know of their injuries was when they moved to vacate their sentences. This would still leave Ensley's, Andrews', and Archer's claims time-barred: they moved to vacate in 2014. Case No. 3:09-cr-00032-HEH-DJN-1, Dkt. No. 20; Am. Compl. ¶¶ 97, 110. Under this alternative theory, discovery would be needed to determine whether Humphries' and Gilliam's claims are time-barred: the Commonwealth moved to vacate their sentences in July 2015 (Am. Compl. ¶ 120), but they may have known about these warrant issues earlier.

[6] As noted in the Rebuttal Brief for Defendants Gleason, Sipple, and Russell, *Brooks* follows the Supreme Court's reasoning in *Baker v. McCollan*, 443 U.S. 137, 142-46 (1979) that the probable cause requirement imposed by the Fourth Amendment satisfies due process requirements as well. The Fourteenth Amendment does not protect against all deprivations of liberty, only those committed without due process of law. *Id.* at 145. And "[d]ue process does not require that every conceivable step be taken . . . to eliminate the possibility of convicting an innocent person." *Id.* (internal quotation marks and citation omitted).

cause" was rejected by the Supreme Court in *Albright*. 85 F.3d at 184 n.6. *Golson,* which predates *Brooks*, does not change this analysis.

### F. Qualified Immunity And Brian Norwood

The City acknowledges that it cannot claim the benefit of qualified immunity from Section 1983 claims. *Owen v. City of Independence*, 445 U.S. 622, 638 (1980). Even so, the City cannot "be liable in the absence of a constitutional violation by one of its agents." *Altman v. City of High Point*, 330 F.3d 194, 207 n.10 (4th Cir. 2003) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)). Therefore, the Plaintiffs' claims against the City are "inextricably intertwined" with their claims against Brian Norwood, *see id.*, and a resolution of his qualified immunity defense is very likely to resolve the application of *Monell*-liability against the City. *See Evans v. Chalmers*, 703 F.3d 636, 654 n.11 (4th Cir. 2012).[7] Therefore, this Court should dismiss all claims against the City if it dismisses the claims against Norwood or grants his request for qualified immunity.

In the unlikely event that this Court does not grant qualified immunity to Norwood, the City would likely elect to appeal at the same time as Norwood, and request that the Court of Appeals take pendent appellate jurisdiction over that appeal, a procedure specifically endorsed in *Altman*, 330 F.3d at 207 n.10, and *Evans*, 703 F.3d at 654 & n.11. The City would also likely request that this Court stay proceedings as to the City (including discovery) until such time as that interlocutory appeal was concluded.

---

[7] Based upon the Amended Complaint and their response briefs, the Plaintiffs do not appear to disagree with the City's position in this regard. As framed now in their response, it is clear that the Plaintiffs' claims against the City depend upon their claims against Brian Norwood.

14

## CONCLUSION

For all the reasons stated above, the Court should dismiss both claims filed against the City with prejudice.

Respectfully Submitted,

_____/s/_____
Stephen M. Hall, Esquire (VSB # 44132)
Deputy City Attorney
Richard E. Hill, Jr., Esquire (VSB #44164)
Assistant City Attorney
900 East Broad Street, Room 400
Richmond, Virginia  23219
Telephone:  (804) 646-7953
Facsimile:  (804) 646-79396
Email:  Stephen.Hall@richmondgov.com
Email:  Richard.E.Hill@richmondgov.com
   *Counsel for Defendant City of Richmond*

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 25th day of May 2017, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                _____/s/ _____
                                Stephen M. Hall (VSB #44132)
                                Deputy City Attorney
                                900 East Broad Street, Room 400
                                Richmond, VA  23219
                                Telephone:  (804) 646-7953
                                Facsimile: (804) 646-7939
                                Email: stephen.hall@richmondgov.com
                                *Counsel for Defendant City of Richmond*