IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**WILBUR ENSLEY, et al.,**

        **Plaintiffs,**

        Civil Action No. 3:17-CV-024-MHL

v.

**CITY OF RICHMOND, et al.,**

        **Defendants.**

### PLAINTIFFS' OPPOSITION TO MOTION TO STRIKE FILED BY DEFENDANTS ALSTON, CORRIGAN, HARRISON, AND BLACKWELL

COME NOW, Plaintiffs Wilbur Ensley, Covey Andrews, Shamar Archer, Deunte Humphries, and Jamar Gilliam, and, for the reasons stated herein, oppose the Motion to Strike filed by Defendants Alston, Corrigan, Harrison and Blackwell. (ECF Dkt. No. 57).

### BACKGROUND

On April 14, 2017, Defendants Alston, Corrigan, Harrison and Blackwell filed a Motion to Dismiss the Plaintiffs' Amendment Complaint (ECF Dkt. No. 38) (the foregoing are collectively referred to herein as the "Alston Defendants"). In their Motion, the Alston Defendants presented several arguments that were similar, if not functionally identical, to arguments made by other Defendants in this case. The Plaintiffs filed an Opposition to the Alston Defendants' Motion to Dismiss on May 12, 2017 (ECF Dkt. No. 55). Given the similarity between some of the arguments presented in this Motion to Dismiss and arguments in other Motions to Dismiss, the Plaintiffs, for the sake of clarity, referred the Court on three occasions to arguments they had more fully presented in other Oppositions.

On May 25, 2017, the Alston Defendants filed a Reply to the Plaintiffs' Opposition to their Motion to Dismiss. (ECF Dkt. No. 59). That same day, the Alston Defendants also filed a

Motion to Strike and memorandum in support thereof arguing that the Plaintiffs' Opposition violated Local Rule 7(F)(3), which requires Opposition briefs to be 30 pages or less (ECF Dkt. Nos. 57 and 63).  In the Alston Defendants' view, the length of the Plaintiffs' Opposition should be measured by the pages it contains as well as by the pages in other briefs to which the Opposition refers. Thus, even though the Plaintiffs' Opposition measured 30 pages on its own, the Alston Defendants contend that the Opposition actually measured 47 pages because it incorporated by reference 17 pages from other briefs.  As a remedy for this alleged violation of Local Rule 7(F)(3), the Alston Defendants ask this Court to "strike the portions of Plaintiffs' Opposition Brief that purport to incorporate portions of Plaintiffs' Opposition to Defendant Norton's Motion to Dismiss, thereby bringing Plaintiffs' brief into compliance with Local Rule 7(F)(3)." (ECF Dkt. No. 63 at 2).

## ARGUMENT

**A. The Plaintiffs Did Not Violate Local Rule 7(F)(3).**

Implicit in their request that the Court "bring[] the Plaintiffs' brief into compliance with Local Rule 7(F)(3)" is that the Plaintiffs have violated Local Rule 7(F)(3).  Under the clear text of that Rule, however, no violation has occurred.  Local Rule 7(F)(3) states that "responsive briefs . . . shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced."  The Plaintiffs' brief does not exceed "(30) 8-1/2 inch x 11 inch pages double-spaced."  Therefore, the Plaintiffs' brief is not in violation of Local Rule 7(F)(3).

No provision of the Local Rules, whether in Rule 7(F)(3) or elsewhere, prohibits incorporation by reference.  Nor does any provision address the impact of incorporation by reference on the length of a brief.  Given the absence of such provisions in the Local Rules,

respectfully, this Court should not write those provisions into the Rules in a common law fashion. It should instead deny the Alston Defendants' Motion to Strike.

**B. Even If the Plaintiffs' Incorporation by Reference was Inappropriate, Respectfully, the Proper Response Here is to Warn the Plaintiffs that Future Violations Will Result in their Brief being Stricken.**

Although the Local Rules do not address how incorporation by reference impacts brief length, the Plaintiffs acknowledge that, in an extreme case (which is not presented here), a party's profligate use of incorporation-by-reference may impose a hardship on an opposing party. In such circumstances, however, the proper response is to warn the party relying on incorporation by reference to refrain from such practice in the future, *not* to strike the brief containing the incorporation.

The only case cited by the Alston Defendants actually confirms this point. In *South Carolina v. United States*, Civil Action No. 1:16-cv-00391- JMC, 2017 WL 491694, at *16 n.9 (D.S.C. Feb. 7, 2017), the court noted in a footnote that South Carolina, a party to suit, had already filed three briefs in excess of the page limits provided by the local rules—*without attempting any incorporation by reference.* Given South Carolina's extensive history of flouting the Local Rules in the case, the court warned it that, if it "continue[s] to abuse the page limitations in this manner or by profligately incorporating by reference swathes of arguments from previously filed memoranda, the court will not hesitate to strike all material in excess of the page limitations set by the Local Rules or by the court's order." Unlike South Carolina, the Plaintiffs here have not thrice flouted a clear page limitation. And, moreover, even if they had, respectfully, *South Carolina v. United States* shows that the proper response is to advise the Plaintiffs to refrain from such action in the future, not to strike an existing brief.

*Solais v. Vesuvio's II Pizza & Grill, Inc.*, 2015 WL 6110859 (M.D. N.C., Oct 16, 2015), a case cited approvingly in *South Carolina v. United States*, suggests the same approach. In *Solais*, a party relied on incorporation by reference in *five separate briefs*. Even that extraordinary level of use, however, did not merit the striking of a brief or portions thereof. Rather, the Court only "advise[d] Defendants to refrain from extensively relying on previous filings and incorporating by reference components of their motions and supporting briefs, . . . lest the Court adopt the practice of counting such incorporated sections against the applicable page limits." *Id.* at *19-20, n.7 (internal quotation marks and modifications omitted).

Indeed, the court's statement in *Solais* is quite telling because, if the Local Rules in the Middle District of North Carolina[1] *required* brief length to be measured by including arguments incorporated by reference, a court would hardly have to "*adopt the practice* of counting such incorporated sections against the applicable page limits." *Id*. (emphasis added). Thus, *Solais* suggests that, while a court might adopt such a practice, it should only do so after a party has "extensively" relied on incorporation, and, even then, only after advising the party of its intentions.

In sum, not only is it unclear whether incorporation by reference is inappropriate in the Eastern District of Virginia, the Plaintiffs have not engaged in "extensive" incorporation by reference that would give rise to any concern. Even if Plaintiffs had done so, however, courts encountering such activity have first issued a warning, not stricken a brief or portions thereof as a first response.

---

1     The Local Rules for the Middle District of North Carolina, like those in the Eastern District of Virginia, do not address the issue of how incorporation by reference impacts brief length. *See* http://www.ncmd.uscourts.gov/sites/ncmd/files/CIV_LR_2017.pdf

### C. The Plaintiffs' Proposed Replacement Brief Demonstrates That They Were Not Attempting an "End Run" Around Local Rule 7(F)(3) and the Defendants Are Not Prejudiced.

In their Motion to Strike, the Alston Defendants contend that the Plaintiffs attempted an "end run" around Local Rule 7(F)(3), and that this end run prejudices them. The prejudice, the Alston Defendants state, arises from the fact that, in their view, they must respond to an unlawfully long brief "within the page limits of their Reply Brief." Br., ECF Dkt. No. 63 at 2. This argument, however, assumes that the Plaintiffs' arguments depended on incorporation by reference. This is untrue.

The Plaintiffs relied on incorporation by reference for one reason only: to clarify their position for the Court. In a case where numerous Defendants have made similar arguments, the Plaintiffs deemed it helpful to the Court to incorporate an argument by reference rather than drafting a complete and separate response in each separate Opposition. Drafting a separate response would force the Court to determine, on a word-by-word basis, whether the Plaintiffs' arguments were identical with respect to every Defendant or instead varied between Defendants. To avoid that difficulty, the Plaintiffs elected simply to explain to the Court that their position on a particular issue is fully addressed in a separate brief.

Of course, even if incorporation by reference were helpful to the Court, it could prove burdensome to the Alston Defendants if it were used as an "end run" around the page limitations.[2] The best indication that the Plaintiffs were not attempting an end run is the attached

---

[2] It is worth noting that the Alston Defendants may have attempted their own "end run" around Local Rule 7(F)(3). In their 29.5 page Memorandum supporting their Motion to Dismiss, the Alston Defendants attacked the Plaintiffs' supervisory claims by cursorily arguing in a footnote that "[s]upervisory liability may no longer constitute a viable Section 1983 claim" under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Br. at 19, n.6. Although the Alston Defendants did not incorporate an argument by reference, they were undoubtedly aware that Defendant Norwood was making this argument in his brief. Had the Alston Defendants attempted a full-throated

brief. To demonstrate that they were not seeking to gain an advantage, the Plaintiffs have redrafted their Opposition without relying on incorporation by reference. As the attached brief shows, the Defendants' arguments can be fully addressed within the 30-page limit (indeed, the attached brief measures only 26.5 pages) simply by shortening the Statement of Facts. A statement of facts is hardly the place where a party may pack additional legal arguments that would prejudice an opposing party.

Further, respectfully, if indeed the Alston Defendants deemed themselves prejudiced by the Plaintiffs' Opposition, it is curious why they did not seek an enlargement of length from the Court prior to filing their Reply. The parties to this case have amicably resolved briefing matters before and the Plaintiffs would have readily consented to enlargement of length given the suggestion that their incorporation by reference prejudiced the Alston Defendants. Yet, rather than seeking this moderate and amicable solution, the Alston Defendants elected to suffer under their alleged prejudice and attempt to strike. Given that no court has apparently stricken a brief under the circumstances presented here, one can only surmise that the Alston Defendants did not deem themselves truly prejudiced by the Plaintiffs' incorporation by reference. Why attempt to protect yourself from prejudice through a long-shot motion to strike rather than a likely granted consent motion for an enlargement of length?—except perhaps if you did not really deem yourself prejudiced.

Given that the Plaintiffs, as illustrated by the attached brief, were not attempting an end run around Local Rule 7(F)(3), and that the Plaintiffs' Opposition did not likely prejudice the Alston Defendants, the Court should deny the Alston Defendant's Motion to Strike and resolve

---

*Iqbal* argument, they may have found themselves in violation of Local Rule 7(F)(3). Instead, by making the point in a footnote, the Alston Defendants could benefit from the extended briefing in another brief but avoid the problems imposed by Local Rule 7(F)(3).

the Alston Defendants' Motion to Dismiss on the briefs filed in response to that Motion. In the alternative, should the Court deem the Plaintiffs' Opposition inappropriate in any way, the Plaintiffs propose that this Court rely on the attached brief in place of their Opposition filed on May 12, 2017.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that the Court should deny Defendants Alston, Corrigan, Harrison and Blackwell's Motion to Strike. Plaintiffs respectfully submit that the Court should resolve the relevant Motion to Dismiss on the previously filed briefs, or, in the alternative, rely on the attached brief in place of Plaintiff's Opposition filed on May 12, 2017.

    Respectfully submitted,

    WILBUR ENSLEY, COVEY ANDREWS,
    SHAMAR ARCHER, DEUNTE HUMPHRIES and
    JAMAR GILLIAM

    By: \_\_\_\_\_/s/ Mark J. Krudys_____
          Counsel

Mark J. Krudys (VSB# 30718)
THE KRUDYS LAW FIRM, PLC
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Email: mkrudys@krudys.com

John Frederick Preis (VSB# 45764)
7719 Rock Creek Road
Henrico, VA 23229
Phone: (804) 289-8682
Email: jpreis@richmond.edu

Amy L. Austin (VSB# 46579)
THE LAW OFFICE OF AMY L. AUSTIN, P.L.L.C.
101 Shockoe Slip, Suite M
Richmond, VA 23219

Phone: (804) 343-1900
Email: amyaustinlawyer@gmail.com

*Counsel for Plaintiffs Wilbur Ensley, Covey Andrews, Shamar Archer, Deunte Humphries, and Jamar Gilliam*

**CERTIFICATE OF SERVICE**

I certify that on June 6th, 2017, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered users.

By: /s/ Mark J. Krudys

Mark J. Krudys (VSB# 30718)
THE KRUDYS LAW FIRM, PLC
SunTrust Center
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Fax: (804) 381-4458
Email: mkrudys@krudys.com
Web: www.krudys.com