**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **WILBUR ENSLEY, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17-cv-00024-MHL |
| | ) | |
| **CITY OF RICHMOND, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE
PORTIONS OF PLAINTIFFS' OPPOSITION BRIEF FOR
NONCOMPLIANCE WITH THE LOCAL RULES**

The Officers,[1] by counsel, hereby submit this Reply Memorandum in support of their Motion to Strike the Plaintiffs'[2] Opposition Memorandum.

**INTRODUCTION**

Plaintiffs' Opposition to the Officers' Motion to Dismiss exceeded the limits set by the Local Rules by seventeen pages and their Response to the Officers' Motion to Strike failed to offer any explanation for their failure to follow those Local Rules. Instead, Plaintiffs' opted to provide a revised Opposition, portions of which serve as an unauthorized sur-reply to the Officers' Reply Brief (Dkt. No. 65 at Ex. A). While Plaintiffs' proposed filing now conforms to the page limitations of the Local Rules, as will be explained, if it is considered (and it should not be), it still fails to offer the Court any substantive justification to ignore the deficiencies of the Amended Complaint.

---

[1] The moving Officers are Defendants Lieutenant Michael Alston ("Lt. Alston"), Lieutenant Brian Corrigan ("Lt. Corrigan"), Captain Martin Harrison ("Cpt. Harrison"), and Captain William Blackwell ("Cpt. Blackwell") (collectively, the "Officers").

[2] Plaintiffs are Wilbur Ensley ("Ensley"), Covey Andrews ("Andrews"), Shamar Archer ("Archer"), Deunte Humphries ("Humphries"), and Jamar Gilliam ("Gilliam").

# ARGUMENT

Plaintiffs' response brief violated the Local Rules because it incorporated seventeen pages of argument from other briefs concurrently filed, thereby effectively creating a forty-seven page brief. Local Rule 7(F)(3) requires parties to file opening and responsive briefs that do not "exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced" unless a party demonstrates good cause in advance of filing." Plaintiffs did not seek leave to file a response brief in excess of the page limitation, and no such leave was granted. Nor have Plaintiffs made any showing of good cause demonstrating their inability to file a Response brief within the thirty page limitation set forth in Local Rule 7(F).

In their Opposition to the Officers' Motion to Strike, Plaintiffs offer the Court two arguments: (1) that they should receive a simple warning and their violation of the Rule be excused or, (2) that the Court should rely on a proposed amended response, one that makes additional arguments and that benefits from the Officers' recently-filed reply brief. This revised filing is nothing more than a second attempt to circumvent the spirit of the Local Rules by offering the Court what amounts to a sur-reply without first obtaining leave. The Court should reject this approach and strike the portions of Plaintiffs' initial brief that purport to incorporate portions of other briefs, thereby violating the Local Rules. To the extent the Court considers Plaintiffs' new filing, however, it offers nothing to counter the Officers' arguments for dismissal of Plaintiffs' Amended Complaint.

While the Officers' Reply Brief (Dkt. No. 59) addresses most of the arguments made in Plaintiffs' new Opposition, there are two issues addressed for the first time in that Opposition, which merit discussion, because they actually bolster the Officers' arguments for dismissal.

I.  **Plaintiffs' Revised Opposition Acknowledges *Iqbal* Requires an Identical State of Mind to Find Supervisory Liability Under Section 1983.**

In their new Opposition, Plaintiffs argue that "[n]umerous courts of appeal have evaluated *Iqbal*'s effect on supervisory claims and determined that such claims are still viable provided that *the supervisor's mental state is identical to the mental state required of the subordinate.*" (Dkt. No. 65-1 at 9 (emphasis added).) Plaintiffs' own filing simultaneously presents the Officers' and other supervisory defendants' collective mental states very differently. "The statement of facts in the previous section evinces the heart of Plaintiffs' grievances, which is that Defendants *likely knew* that Norton lied about informants, but did nothing . . . ." (*Id.* at 4-5 (emphasis added).) Of course, the facts in the Complaint do *not* show that the Officers likely knew that Norton lied about informants (let alone that they knew those alleged lies related to these Plaintiffs). But, even if they did, "*likely knew*" is not legally sufficient to establish supervisory liability – a reality that Plaintiffs acknowledge in discussing *Iqbal* in their filing. Plaintiffs must offer something more in order to state a claim. In Plaintiffs' own words, they must plead that the Officers' collective mental states were *identical* to their allegedly wayward subordinate. Their Amended Complaint and supporting filings demonstrably fail to do so. As a result, Plaintiffs' added arguments regarding supervisory liability offer no basis for denying the motion to dismiss and, instead, magnify the deficiencies of Plaintiffs' claims.

II.  **Any Public Policy Argument Against the Fruit of the Poisonous Tree Doctrine Is Unavailing as Long-Standing Fourth Circuit Precedent Requires Its Application.**

Plaintiffs' argument against the Court's application of the fruit of the poisonous tree doctrine actually evidences the necessity of applying the doctrine here. In their revised filing, Plaintiffs cite a law review article arguing that "the pressure to lie in a suppression hearing is augmented by the interests of 'judges, prosecutors, and fellow police,' all of whom have 'some independent stake' in putting an apparently guilty man in jail." (Dkt. No. 65-1 at 22 n.12.)

However, this argument encapsulates the rationale for courts' *exclusion* of the fruit of the poisonous tree doctrine in the civil context. If courts applied the fruit of the poisonous tree doctrine in civil cases, litigants could point a finger at anyone involved in the process of a criminal prosecution and argue that he or she should have done more. This finger-pointing is precisely the game in which Plaintiffs are engaged in their Amended Complaint: attempting to pin liability on virtually anyone involved with their criminal prosecutions – and even those not involved, like the Officers – ignoring the fact that they pled guilty of their own volition. The endless litigation that would result from such finger-pointing is the clear rationale for the rule's existence only in the criminal context.

Put simply, Plaintiffs' revised response offers the Court no justification to ignore years of well-settled precedent coming from this court and virtually every Court of Appeals in the nation, including the Fourth Circuit. Instead, Plaintiffs' proposed filing offers the Court only their opinion on what the law *should* be – an opinion courts have universally rejected. The fruit of the poisonous tree doctrine precludes Plaintiffs' claims and, as a result, they should be dismissed.

## CONCLUSION

For the reasons stated above, the Officers respectfully request that the Court strike the references in Plaintiffs' brief purporting to incorporate portions of Plaintiffs' Opposition to Defendant Norton's Motion to Dismiss.

Dated: June 13, 2017

**MICHAEL ALSTON, BRIAN CORRIGAN, MARTIN HARRISON, and WILLIAM BLACKWELL**

By: /s/ Stephen C. Piepgrass
Ashley L. Taylor, Jr. (Va. Bar No. 36521)
Stephen C. Piepgrass (Va. Bar No. 71361)
Brooke K. Conkle (Va. Bar No. 87413)
TROUTMAN SANDERS LLP
1001 Haxall Point, P.O. Box 1122
Richmond, Virginia 23219
Telephone: (804) 697-1286
Facsimile: (804) 697-1339
E-mail: ashley.taylor@troutmansanders.com
E-mail: stephen.piepgrass@troutmansanders.com
E-mail: brooke.conkle@troutmansanders.com

*Counsel for Michael Alston, Brian Corrigan, Martin Harrison, and William Blackwell*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of June, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

**Counsel for Plaintiffs Wilbur Ensley, Covey Andrews, Shamar Archer, Deunte Humphries, and Jamar Gilliam**
Mark J. Krudys
The Krudys Law Firm, PLC
SunTrust Center
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Fax: (804) 381-4458
Email: mkrudys@krudys.com

John Frederick Preis
7719 Rock Creek Road
Henrico, VA 23229
Phone: (804) 289-8682
Email: jpreis@richmond.edu

Amy L. Austin
The Law Office of Amy L. Austin, PLLC
101 Shockoe Slip, Suite M
Richmond, VA 23219
Phone: (804) 343-1900
Fax: (804) 343-1901
Email: amyaustinlawyer@gmail.com

**Counsel for Defendant City of Richmond**
Stephen Hall
Richard E. Hill, Jr.
Office of the City Attorney
900 E. Broad St.
Richmond, VA 23219
Phone: (804) 646-7946
Email: Stephen.Hall@richmondgov.com
Email: Richard.E.Hill@richmondgov.com

**Counsel for Defendant Jason Norton**
David P. Corrigan
M. Scott Fisher, Jr.
Harman Claytor Corrigan & Wellman
4951 Lake Brook Drive, Suite 100
Glen Allen, VA 23060-9272
Phone: (804) 762-8017
Email: dcorrigan@hccw.com
Email: sfisher@hccwcom

**Counsel for Defendant Bryan T. Norwood**
Jonathan P. Harmon
Brian D. Schmalzbach
McGuireWoods
Gateway Plaza
800 E. Canal St.
Richmond, VA 23219-3916
Phone: (804) 775-4712
Email: jharmon@mcguirewoods.com
Email: bschmalzbach@mcguirewoods.com

**Counsel for Defendants Christopher Gleason, Charles Sipple, and Roger Russell**
D. Cameron Beck, Jr.
C. Walker Terry
McCandlish Holton Morris
1111 E. Main Street, Suite 2100
P.O. Box 796
Richmond, VA 23218-0796
Phone: (804) 344-6322
Email: cbeck@lawmh.com
Email: wterry@lawmh.com

/s/ Stephen C. Piepgrass
Stephen C. Piepgrass (Va. Bar No. 71361)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1286
Facsimile: (804) 697-1339
E-mail: stephen.piepgrass@troutmansanders.com

31528901