**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **WILBUR ENSLEY, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17-CV-24 |
| | ) | |
| **CITY OF RICHMOND,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Counsel for the Defendants in this case call the Court's attention to the Fourth Circuit's recent decision in *Safar v. Tingle*, No. 16-1420 (June 7, 2017), which illustrates both the high bar for overcoming qualified immunity and the absence of any clearly established general duty requiring officers to second-guess a neutral third-party's determination of probable cause. *Safar* reinforces that the individual Defendants are entitled to qualified immunity.

In *Safar*, an officer obtained arrest warrants after retail employees accused the plaintiffs of obtaining fraudulent refunds. Slip op. 3. The next day, the store's representatives recanted the allegation of fraud. *Id.* But the arrest warrants were never withdrawn, and the plaintiffs were later arrested and incarcerated. *Id.* at 3-4.

The plaintiffs brought a § 1983 claim, arguing that the officer had a "duty to take steps to withdraw the warrants upon learning that the charges were meritless." *Id.* at 8. The Fourth Circuit affirmed the dismissal of that claim because the officer was entitled to qualified immunity.

First, the court emphasized the high hurdle for overcoming qualified immunity in a § 1983 claim. The "first step in any such claim is to pinpoint the specific right that has

1

been infringed." *Id.* at 5. The right "should not be defined 'at a high level of generality,'" *id.* at 7 (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam)), but rather "'must be particularized to the facts of the case' so as to avoid transforming qualified immunity into 'a rule of virtually unqualified liability,'" *id.* Thus, the plaintiff must "'identify a case where an officer acting under similar circumstances . . . was held to have violated'" the Constitution. *Id.* at 7-8.

Applying that high standard, the Fourth Circuit found the officer entitled to qualified immunity. The plaintiffs "fail[ed] to note what exactly the duty was or where in the law the obligation [to have the warrant withdrawn] was to be found." *Id.* at 9. They did "not sketch out the procedures [the officer] was supposed to follow, identify the point in the criminal process when such steps should have been taken, or explain why it was her responsibility to have the warrants revoked." *Id.* Indeed, the plaintiffs' theory "would invite a legion of cases urging us to second-guess an officer's decision about whether to second-guess a magistrate's finding of probable cause." *Id.* at 10. The court thus found no clearly established "duty requiring police officers to follow some undefined procedure whenever they come across further information that casts doubt on an active arrest warrant." *Id.* at 9.

Dated: June 14, 2017

Respectfully submitted,

  /s/
Ashley L. Taylor, Jr. (VSB No. 36521)
Stephen C. Piepgrass (VSB No. 71361)
Brooke K. Conkle (VSB No. 87413)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
(T): (804) 697-1286
(F): (804) 697-1339
ashley.taylor@troutmansanders.com
stephen.piepgrass@troutmansanders.com
brooke.conkle@troutmansanders.com

*Counsel for Defendants Michael Alston, Brian Corrigan, Martin Harrison, and William Blackwell*

  /s/ Brian D. Schmalzbach
Jonathan P. Harmon (VSB No. 39081)
Brian D. Schmalzbach (VSB No. 88544)
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
(T) (804) 775-1000
(F) (804) 698-2304
jharmon@mcguirewoods.com
bschmalzbach@mcguirewoods.com

*Counsel for Defendant Bryan T. Norwood*

  /s/
David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
M. Scott Fisher, Jr. (VSB No. 78485)
HARMAN, CLAYTOR,
CORRIGAN & WELLMAN
P.O. Box 70280
Richmond, Virginia 23255
(T): 804-747-5200
(F): 804-747-6085
jcapps@hccw.com

*Counsel for Defendant Jason Norton*

  /s/
D. Cameron Beck, Jr. (VSB No. 39195)
Walker Terry (VSB No. 84532)
MCCANDLISH HOLTON MORRIS
P.O. Box 796
1111 E. Main St., Suite 2100
Richmond, VA 23218
(T): (804) 775-3100
(F): (804) 775-3800
cbeck@lawmh.com
wterry@lawmh.com

*Counsel for Defendants Christopher Gleason, Charles Sipple, and Roger Russell*

  /s/
Stephen M. Hall, Esq. (VSB No. 44132)
Deputy City Attorney
Richard E. Hill, Jr., Esq. (VSB No. 44164)
Assistant City Attorney
900 East Broad Street, Room 400
Richmond, Virginia  23219
(T):  (804) 646-7953
(F):  (804) 646-79396
Stephen.Hall@richmondgov.com
Richard.E.Hill@richmondgov.com

*Counsel for Defendant City of Richmond*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2017, I caused copies of the foregoing Notice to be served electronically through the Court's CM/ECF system on all registered counsel.

/s/ Brian D. Schmalzbach
Brian D. Schmalzbach
